UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| JOHN SKIFF | ) |
| Plaintiff, | ) Case No. |
| vs. | ) |
| J.A. CAMBECE LAW OFFICE PC | ) |
| Defendant. | ) |

**PLAINTIFF'S ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL**

*I.    INTRODUCTION*

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*; the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. 227 *et seq*; the New Hampshire Unfair, Deceptive or Unreasonable Collection Practices Act NH RSA 358-C; New Hampshire Regulation of Business Practices For Consumer Protection NH RSA 358-A; and all applicable common law causes.

*II.  JURISDICTION AND VENUE*

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331, for the FDCPA and TCPA claims. *See Also* Mims v Arrow Financial Services, 132 S. Ct. 740 (2012) (resolving a split between the Circuits and holding that Federal Jurisdiction does exist for private TCPA claims). Supplemental jurisdiction exists for all other claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

### *III. PARTIES*

4. Plaintiff John Skiff is a natural person residing in Hillsborough County, New Hampshire.

5. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3) and RSA 358-C:1(I).

6. Defendant, J.A. Cambece Law Office, P.C. is a corporation created under the laws of Massachusetts with a principal office located at 200 Cummings Center Suite 173D, Beverly, MA 01915.

7. Defendant has a registered agent by the name of National Registered Agents, Inc. and an address of Sulloway & Hollis, 9 Capital Street, Concord, NH 03301.

8. Defendant is an entity who at all relevant times was engaged, by use of the phones, in the business of attempting to collect a "debt" from the Plaintiff, as defined by 15 U.S.C. § 1692a(5) and RSA 358-C:1(IV).

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and RSA 358-C:1(VIII).

### *IV. FACTUAL ALLEGATIONS*

10. Plaintiff is a natural person contacted by Defendant for the purposes of collecting a debt owed or allegedly owed to another.

11. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempt to collects, directly or indirectly, debts owed or due, or asserted to be owed or due another.

12. The Defendant is thoroughly enmeshed in the debt collection business.

13. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or once due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

14. The alleged debt was incurred for personal, family or household purposes.

15. Beginning in December 31, 2013 and continuing through 2014 the Defendant placed calls to the Plaintiff.

16. Exhibit A attached catalogs calls made to the Plaintiff by the Defendant and is incorporated by reference herein.

17. Upon information and good faith belief, Defendant used an automated or automatic telephone dialing system or telephone equipment to make such calls.

18. Upon information and good faith belief, Defendant used an artificial or pre-recorded voice to make such calls.

19. Upon information and good faith belief, Defendant used a predictive dialer to make such calls.

20. The Plaintiff attempted to pay the debt in full but the Defendant refused his payment.

21. The Defendant did not give a reason why that payment was refused.

22. The Defendant informed the Plaintiff of an upcoming court date but told him that there was no need for him to appear.

## COUNT I
## DEFENDANT'S VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT (15 U.S.C. § 1692e)

23. Plaintiff repeats and re-alleges each and every allegation contained herein as if fully stated within this count.

24. The law prohibits debt collectors from the following practices: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

    *       *       *

    (5) The threat to take any action that cannot legally be taken or is not intended to be taken.

    *       *       *

    (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e.

25. Here the Defendant made several false representations in an attempt to collect a debt from the Plaintiff.

26. The Defendant informed the Plaintiff of an upcoming court date and falsely indicated that there would be no need for the Plaintiff to attend.

27. This communication should be held to the least sophisticated consumer standard. Under that standard "a 'least sophisticated consumer' is not obligated to closely parse the words of a communication in order to divine its meaning." Waters v. Kream, 770 F. Supp. 2d 434, 437 (D. Mass. 2011).

28. The Defendant used such tactics to fool unsophisticated consumers into believing that inaction regarding debts will lead to unknown consequences.

29. Upon receipt of the Defendant's misleading communication the Plaintiff, unsure of the consequences of failing to respond to the communication suffered increased fear and emotional distress.

30. The Defendant falsely informed the Plaintiff that the Defendant could not take his

payment for the debt.

31. The Plaintiff took this to mean that there was no way for the Plaintiff to avoid additional fees in interest and court costs by payment of the debt.

32. This representation was false.

33. This representation was intended to increase what the Plaintiff owes the Defendant by the addition of interest and court costs.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a. Adjudging that the Defendant violated 15 U.S.C. §1692e;

    b. Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

    c. Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action as allowed for by 15 U.S.C. § 1692k;

    d. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and,

    e. Awarding such other and further relief as the Court may deem just and proper

## COUNT II
### DEFENDANT'S VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT (15 U.S.C. § 1692d)

34. Plaintiff repeats and re-alleges each and every allegation contained herein as if fully stated within this count.

35. The law prohibits debt collectors from participating in the following practices: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

*          *          *

(2) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader."

36. Here the Defendant used language that the natural consequence of which is to abuse the hearer or reader.

37. The Defendant informed the Plaintiff that a court hearing would be held but there was no need for the Plaintiff to attend.

38. In fact the Plaintiff lost legal rights by failing to attend the hearing.

39. The Plaintiff took this statement as a threat and believed that a judgment to collect the debt was inevitable and indefensible.

40. The Defendant used abusive and harassing language in an attempt to coerce the Plaintiff in to admitting that he owes the debt.

41. This communication should be held to the least sophisticated consumer standard. Under that standard "a 'least sophisticated consumer' is not obligated to closely parse the words of a communication in order to divine its meaning." Waters v. Kream, 770 F. Supp. 2d 434, 437 (D. Mass. 2011).

42. The Defendant uses such tactics to fool unsophisticated consumers into believing that inaction regarding debts will lead to unknown consequences.

43. Upon receipt of the Defendant's misleading communication the Plaintiff, unsure of the consequences of failing to respond to the communication suffered increased fear and emotional distress.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a. Adjudging that the Defendant violated 15 U.S.C. §1692d;

b.  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c.  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action as allowed for by 15 U.S.C. § 1692k;

d.  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and,

e.  Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## DEFENDANT'S VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692g

44. Plaintiff repeats and re-alleges each and every allegation contained herein as if fully stated within this count.

45. The Fair Debt Collections Practices Act requires that a notice containing the following validation rights must be delivered to the consumer within five days after the initial communication unless those validation rights are contained in the initial communication: "(1) the amount of the debt; (2) the name of the creditor; (3) a statement that the consumer has a right to dispute the validity of the debt; (4) a statement that if the consumer notifies the debt collector in writing that the debt is disputed, the debt collector will obtain verification of the debt and mail a copy of the verification to the consumer; and, (5) a statement that, upon the consumer's written request, the debt collector will provide the consumer with the name and address of the original creditor." 15 USC § 1692g(a).

46. The Plaintiff did not receive the statutorily required notice of his validation rights.

47. The Defendant did not send the Plaintiff notice of his validation rights.

48. The Plaintiff's validation rights were not contained in the Defendant's initial communication with the Plaintiff.

49. The Defendant did not notify the Plaintiff of his validation rights by any other means.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a. Adjudging that the Defendant violated 15 U.S.C. §1692g;

    b. Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

    c. Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action as allowed for by 15 U.S.C. § 1692k;

    d. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and,

    e. Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## DEFENDANT'S VIOLATIONS OF 47 U.S.C. § 227

50. Plaintiffs repeat and re-allege each and every allegation contained herein as if fully stated within this count.

51. The TCPA makes it unlawful for any person to make a call using any automatic telephone dialing system or an artificial or prerecorded voice: "(iii) to the telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 U.S.C. § 227(b)(1)(A)(ii).

52. The Statutory scheme of the TCPA provides for a private action for violations of the statute: "A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State- (A) an action based on a violation of this subsection or

the regulations prescribed under this subsection to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or (C) both such actions." 47 U.S.C. § 227(b)(3).

53. "If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph." 47 U.S.C. § 227(b)(3).

54. "[A]n act may be 'intentional' for purposes of civil liability even if the actor lacked actual knowledge that [their] conduct violated the law." Jerman v. Carlisle, McNellie, Rini, Kramer, 130 S. Ct. 1605, 1612 (2010). See also Kolstad v. American Dental Assn., 527 US 526, 549 (1999) (holding that willful violations can be found where a defendant acts with "careless" or "reckless" disregard for federally protected rights).

55. Here, Defendant has used an "automatic telephone dialing system" to call the Plaintiff on his cellular telephone.

56. In the alternative Defendant has used a "predictive telephone dialing system" to call the Plaintiff on his cellular telephone.

57. The Defendant used an "automatic dialing system" to contact the Plaintiff on his cell phone in violation of the TCPA.

58. The Defendant did not have Plaintiff's consent to contact her cell phone.

59. The Defendant made these calls with careless or reckless disregard that their conduct violated the law.

60. The Defendant made phone calls as outlined in Exhibit A.

WHEREFORE, Plaintiffs request this Honorable Court enter the following relief:

    a. Adjudging that Defendant violated 47 U.S.C. § 227;

    b. Awarding Plaintiff statutory damages for each phone call made in violation of this statute, pursuant to 47 U.S.C. § 227(b)(3);

    c. Awarding Plaintiff triple damages for each phone call made because of willing violations of the statute pursuant to 47 U.S.C. § 227(b)(3);

    d. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and,

    e. Awarding such other and further relief as the Court may deem just and proper.

## COUNT VII
### DEFENDANT'S VIOLATIONS OF NH RSA 358-C:3(VII)

61. Plaintiff repeats and re-alleges each and every allegation herein as if fully stated within this count.

62. Debt collectors are prohibited by state law from employing unfair, deceptive or unreasonable collection practices in attempting to collect a debt. NH RSA 358-C.

63. It is considered an unfair and unreasonable practice under the act to: "Make any false representation or implication of the character, extent or amount of debt, or of its status in any legal proceeding." NH RSA 358-C:3(VII).

64. The Defendants falsely threatened the Plaintiff by informing him that a court hearing would be held and that there was no need for him to attend.

65. In fact the Plaintiff lost legal rights by failing to attend the hearing.

66. The Defendant used abusive and harassing language in an attempt to coerce the Plaintiff in to admitting that he owes the debt.

67. The Defendant used abusive and harassing language in an attempt to create a false sense of urgency in order to collect the alleged debt from the Plaintiff.

68. The Defendant use such tactics to fool unsophisticated consumers into believing that inaction regarding debts will lead to unknown consequences.

69. The Defendant falsely informed the Plaintiff that the Defendant could not take his payment for the debt.

70. The Plaintiff took this to mean that there was no way for the Plaintiff to avoid additional fees in interest and court costs by payment of the debt.

71. In fact the Defendant could receive the Plaintiff's payment

72. Upon receipt of the Defendant's misleading communication the Plaintiff, unsure of the consequences of failing to respond to the communication suffered increased fear and emotional distress.

WHEREFORE, the Plaintiff prays for relief and judgment, as follows:

    a. Adjudging that the Defendant violated NH RSA 358-C;

    b. Awarding the Plaintiff statutory damages, pursuant to NH RSA 358-C;

    c. Awarding Plaintiff's reasonable attorneys' fees and costs incurred in this action as allowed for by NH RSA 358-C;

    d. Awarding the Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and,

    e. Awarding such other and further relief as the Court may deem just and proper.

## COUNT VIII
### DEFENDANT'S VIOLATIONS OF NH RSA 358:A *via* NH RSA 358-C

73. Plaintiff repeats and re-alleges each and every allegation contained herein as if fully stated within this count.

74. Any violation of NH RSA 358-C also constitutes an unfair and deceptive act or practice within the meaning of NH RSA 358-A. *See* RSA 358-C:4(VI).

75. As described above, the Defendants have violated NH RSA 358-C by making a false representation regarding the status of the debt. *See* NH RSA 358-C:3(VII).

76. NH RSA 358-A:10 provides for statutory damages of $1,000 to $3,000 plus costs and reasonable attorney's fees.

77. Through violations of NH RSA 358-C the Defendants have violated NH RSA 358-A.

WHEREFORE, the Plaintiff prays for relief and judgment, as follows:

   a. Adjudging that the Defendant violated NH RSA 358-A;

   b. Awarding the Plaintiff $1,000 in statutory damages, pursuant to NH RSA 358-A:10;

   c. Find the violation of NH RSA 358-A to be willful or knowing;

   d. Awarding the Plaintiff treble damages pursuant to NH RSA 358-A:10;

   e. Awarding the Plaintiff reasonable attorneys' fees and costs incurred in this action as allowed for by NH RSA 358-A:10;

   f. Awarding the Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and,

   g. Awarding such other and further relief as the Court may deem just and proper.

## COUNT IX
### DEFENDANT'S VIOLATIONS OF RSA 358:A BY EMPLOYING UNFAIR AND DECEPTIVE ACTS OR PRACTICES IN THE COLLECTION OF A DEBT

78. Plaintiff repeats and re-alleges each and every allegation contained herein as if fully stated within this count.

79. Under New Hampshire law it is unlawful to use any unfair or deceptive act or practice in the conduct of any trade or commerce. NH RSA 358-A:2.

80. The Defendants were at all relevant times herein engaged in trade or commerce within the State.

81. The Defendants falsely threatened that a court hearing regarding the debt would be held but that there was no need for the Plaintiff to attend.

82. In fact the Plaintiff lost legal rights by failing to attend the hearing.

83. The Defendants used abusive and harassing language in an attempt to coerce the Plaintiff in to admitting that he owes the debt.

84. The Defendants used abusive and harassing language in an attempt to create a false sense of urgency in order to collect the alleged debt from the Plaintiff.

85. The Defendants use such tactics to fool unsophisticated consumers into believing that inaction regarding debts will lead to unknown consequences.

86. Upon receipt of the Defendants' misleading communication the Plaintiff, unsure of the consequences of failing to respond to the communication suffered increased fear and emotional distress.

WHEREFORE, the Plaintiff prays for relief and judgment, as follows:

   a. Adjudging that the Defendant violated NH RSA 358-A;

   b. Awarding the Plaintiff statutory damages, pursuant to NH RSA 358-A;

   c. Awarding the Plaintiff reasonable attorneys' fees and costs incurred in this action as allowed for by NH RSA 358-A:10;

   d. Awarding the Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and,

   e. Awarding such other and further relief as the Court may deem just and proper.

## COUNT XI
## DEFENDANT'S INVASION OF PLAINTIFF'S PRIVACY

87. Plaintiff repeats and re-alleges each and every allegation contained herein as if fully stated within this count.

88. The Defendant invaded the peace and quiet enjoyment of Plaintiff's home by calling him and communicating with him in a manner that was both false and abusive.

89. The Defendant without right or justification intruded upon the seclusion of the plaintiff.

90. The Defendant therefore invaded the privacy of the Plaintiff.

91. Plaintiff suffered damages in loss of enjoyment of life, increased stress, mental and emotional pain suffering and anguish.

WHEREFORE, Plaintiff prays for relief, Judgment in his favor, and award of damages.

### JURY TRIAL REQUESTED

December 30, 2014

Respectfully submitted,
JOHN SKIFF
By His Attorneys

/s/ Keith A. Mathews
Skinner, Rivard & Siekmann
Atty. Keith A. Mathews
NHBN: 20997
587 Union Street
Manchester, NH 03104
Tel: (603) 622-8100
Fax: (888) 912-1497
Keith@srslawyer.com